### 36040. THIGPEN v. THE STATE.

GARDNER, P. J. The defendant was convicted in the City Court of Sandersville. He was charged with a misdemeanor in failing to grant right of way near Worthen, Georgia, known as Route Number 102. Before pleading to the merits, the defendant filed a motion in the nature of a general demurrer to dismiss the accusation, as being insufficient in law to charge any offense. The court overruled this motion. Exceptions are assigned here to this judgment of the trial court. We will assume, without deciding, that the court did not err in this judgment.

We will now deal with the case regarding whether or not the evidence sustains the verdict on the general grounds of the motion for new trial. The State introduced only one witness, a trooper with the G. S. P. He was not present at the time of the collision between the defendant's motor vehicle and the automobile driven by Mrs. Hadden. The trooper was called from Dublin, Georgia, and his testimony was obtained from the condition of the road and car tracks and the location of the cars at the scene of the collision. He stated that the defendant related to him that he was preparing to turn his truck around, which truck was being parked on the left side of the road from the direction in which Mrs. Hadden was approaching from Gibson, Georgia. The collision occurred on the new route known as Number 102. The road was under construction on the end next to the river. The defendant stated to the witness that he had been over to the house trailer (the work camp from which the defendant was working on the road). The defendant was using the house trailer

for an office while working on the road. Mrs. Hadden was at the scene when the trooper arrived. She stated that when she saw the truck she ran off the road on the right-hand side and that when it struck, she was completely off the shoulder. The witness exhibited a chart showing the position of the truck and the car of Mrs. Hadden. The witness stated that from the tracks of the car of Mrs. Hadden he would say that she was driving forty miles per hour.

The defendant and Mrs. Hadden were the only eyewitnesses to the collision. The defendant stated: "That day I went over there to fetch over the truck. We were working on that road. We had a sign on each end and we had it turned either way on that road. We were hauling stuff, dirt. We had grass on the road from one end to the other working the other highway on down through there, we hadn't never completed it. I was turning the truck around and Mrs. Hadden come up at a high speed and when I got to where I could see I put on my brakes and she hit me." The above is all the evidence the State produced. The record does not reveal why the State did not have Mrs. Hadden present at the trial. Under these circumstances the presumption is that she did not have testimony favorable to the State. Of course, the burden was on the State to make out this charge against the defendant, beyond a reasonable doubt. There are several strikingly peculiar things about this case in addition to the fact that the State did not produce Mrs. Hadden as a witness. The State did not prove, and the record does not reveal, whether or not the highway from the direction in which Mrs. Hadden was traveling, was straight or crooked, and how far she could have seen the truck as it turned from the work camp onto the highway. Under these facts, it is our opinion that the State failed to prove, beyond a reasonable doubt, the charge against the defendant in so far as the general grounds are concerned. This being true, it is unnecessary to decide any other questions.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 1, 1956.

*Casey Thigpen*, for plaintiff in error.
*Jack B. Taylor, Solicitor*, contra.